UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON TYE MYERS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:15-cv-00471-TWP-MJD |
| INDIANA DEPARTMENT OF CORRECTION, et al., | ) |
| Defendants. | ) |

**Entry Discussing Complaint, Granting Motion to Proceed *In Forma Pauperis,*
Discussing Severance, and Directing Further Proceedings**

### I. Motions

The plaintiff's motion to proceed *in forma pauperis* (Dkt. 3) is **GRANTED.** An assessment of an initial partial filing fee is not feasible at this time.

The plaintiff's motion for the appointment of counsel (Dkt. 4) is **DENIED as premature.** The defendants have not yet been served and the Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens,* 706 F.3d 843, 846 (7th Cir. 2013).

The clerk shall **update the docket** to reflect the spelling of the plaintiff's middle name as "Tye."

### II. Background

The plaintiff, Jason Tye Myers ("Mr. Myers") is currently incarcerated at the Plainfield Correctional Facility. He brings this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that when he was confined at the Correctional Industrial Facility ("CIF") his constitutional rights were violated. He has named nine (9) defendants: 1) the Indiana Department of Correction

(IDOC"); 2) former Superintendent Donna L. Carneygee; 3) former Assistant Superintendent of Re-Entry Tim Purcell; 4) former Assistant Superintendent of Operations Kathy Griffin; 5) former Facility Policy and Grievance Coordinator Robert Stafford; 6) former Executive Assistant/Legal Liaison/Mailroom Supervisor Ms. Woods; 7) Unknown Party former Department Policy Manager at IDOC; 8) Pen Products Laundry Supervisor Russell Hiatt; and 9) Final Reviewing Authority of Grievance Procedures at IDOC L.A. Vanatta. He sues the defendants in their individual and official capacities. He seeks compensatory and punitive damages and injunctive relief.

The complaint is now subject to the screening required by 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

### III. Directions to Show Cause

Mr. Myers' first claim, asserted against defendants IDOC, Carneygee, Purcell, Griffin, and Stafford, is that he filed an appeal of the dismissal of a state law claim, but his appeal was dismissed on December 14, 2010, because he failed to re-file an appendix as ordered by the appellate court. Mr. Myers alleges that he could not re-file the appendix because CIF staff failed to give it to him when it was mailed to him at the prison. He asserts a First Amendment claim of denial of access to the courts based on these facts. Although the appendix, or part of it, was finally returned to Mr. Myers in 2013, its return is not what caused his appeal to be dismissed.

The statute of limitations for a section 1983 claim in Indiana is two years. *Serino v. Hensley,* 735 F.3d 588, 590 (7th Cir. 2013). "A section 1983 claim accrues when the plaintiff

knows or has reason to know of the injury which is the basis of his action." *Id.* at 591. "[W]hen the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Logan v. Wilkins,* 644 F.3d 577, 582 (7th Cir. 2011). The plaintiff shall have **through April 27, 2015,** in which to **show cause** why this claim should not be dismissed for failure to state a claim upon which relief can be granted because it is not timely. There are other reasons that claims against certain defendants should be dismissed in addition to the issue of the statute of limitations, but that analysis will not be set forth until it is determined whether there is any basis to treat the denial of access claim as timely.

### IV. Misjoined Claim and Severance

In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals explained that "[u]nrelated claims against different defendants belong in different suits." The complaint does not set forth any claim that properly joins all defendants.

In such a situation, "[t]he court may . . . sever any claim against a party." FED. R. CIV. P. 21. Generally, if a district court finds that a plaintiff has misjoined parties, the Court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000).

Mr. Myers' first claim involves the alleged denial of access to the courts and his second claim involves the alleged failure to provide clean clothing. These are entirely separate and distinct claims and as such do not belong in the same lawsuit. The "laundry" claim is misjoined from the first claim because it occurred at different times and involved different defendants. The laundry claim is brought against Russell Hiatt, Robert Stafford, and L.A. Vanatta, but it has not been screened yet.

The misjoined claim shall either be severed into a new action or dismissed without prejudice. The plaintiff is the master of his complaint and shall be given the opportunity to determine which course is followed. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the complaint are entirely the responsibility of the plaintiff, for "even *pro se* litigants are masters of their own complaints and may choose who to sue-or not to sue"). If a new action is opened, the plaintiff would be responsible for a filing fee for the new case. The screening requirement of 28 U.S.C. § 1915A(b) would also be triggered for the new case.

Mr. Myers shall have **through April 27, 2015,** in which to **notify the Court** whether he wishes the Court to sever the laundry claim against the IDOC, Mr. Hiatt, Mr. Stafford, and L.A. Vanatta into a new action. If he wishes to do so, he may file a new lawsuit asserting that claim only. If the plaintiff fails to so notify the Court, the misjoined claim will be considered abandoned and will be dismissed without prejudice.

**IT IS SO ORDERED.**

Date: 3/30/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JASON T. MYERS   154417
PLAINFIELD CORRECTION FACILITY
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.