UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON TYE MYERS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:15-cv-00471-TWP-MJD |
| INDIANA DEPARTMENT OF CORRECTION, et al., | ) ) ) ) |
| Defendants. | ) ) |

**Entry Discussing Plaintiff's Response to Order to Show Cause, Dismissing Complaint, and Directing Further Proceedings**

This matter is before the Court on Plaintiff Jason Tye Myers ("Mr. Myers") Verified Motion to Show Cause, in which Mr. Myers has responded to the order to show cause why the action should not be dismissed. It is also before the Court for Screening pursuant to 28 U.S.C. 1915A(b).

**I.      Show Cause**

In his response, Mr. Myers has requested that the Court reconsider its ruling on severance of his two claims. Mr. Myers's motion to show cause (Dkt. 9) is **GRANTED to the extent** that he has presented a sufficient explanation of the timeliness issue. Accordingly, the action will not be dismissed at this time based on the statute of limitations. In addition, the Court has reconsidered its prior ruling on severing the laundry claim.

**II.      Screening**

As noted in the screening Entry of March 30, 2015, however, there are other reasons some claims should be dismissed. The Court shall, therefore, proceed to screen the complaint on other issues. As an initial matter, Plaintiff is reminded that Rule 8(b)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that

1

the pleader is entitled to relief...." Therefore, the 19 page memorandum containing legal authority and argument in support of the complaint, (Dkt. 2), is stricken as improper.

As noted in the Entry of March 30, 2015, Mr. Myers is currently incarcerated at the Plainfield Correctional Facility. He brings this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that when he was confined at the Correctional Industrial Facility ("CIF") his constitutional rights were violated. He has named nine (9) defendants: 1) the Indiana Department of Correction (IDOC"); 2) former Superintendent Donna L. Carneygee; 3) former Assistant Superintendent of Re-Entry Tim Purcell; 4) former Assistant Superintendent of Operations Kathy Griffin; 5) former Facility Policy and Grievance Coordinator Robert Stafford; 6) former Executive Assistant/Legal Liaison/Mailroom Supervisor Ms. Woods; 7) Unknown Party former Department Policy Manager at IDOC; 8) Pen Products Laundry Supervisor Russell Hiatt; and 9) Final Reviewing Authority of Grievance Procedures at IDOC L.A. Vanatta. Mr. Myers sues the defendants in their individual and official capacities. He seeks compensatory and punitive damages and injunctive relief.

**A. Claims Relating to Denial of Access to Courts**

Mr. Myers' first claims are a First Amendment claim of denial of access to the courts, a due process Fourteenth Amendment claim, and an Eighth Amendment cruel and unusual punishment claim. These claims are asserted against defendants IDOC, former Superintendent Carneygee, Assistant Superintendent of Re-Entry at CIF Purcell, former Assistant Superintendent of Operations at CIF Griffin, former Facility Policy Coordinator at CIF Stafford, Ms. Woods (former Executive Assistant), and an unknown former Department Policy Manager at IDOC.

*1. Allegations*

In support of these claims, Mr. Myers alleges that when he was confined at the CIF he filed a civil rights action in Tippecanoe County which was later transferred to Montgomery County and

dismissed based on the two year statute of limitations. Mr. Myers filed an appeal of the dismissal of his claim, asserting that a five year statute of limitations should have been applied. He sent a copy of his "appendix" to the state appellate court but failed to provide a copy to counsel for the defendant, so he requested that the clerk of the court return the appendix to him. The clerk of the Indiana Court of Appeals mailed the appendix to Mr. Myers at CIF sometime between September 23, 2010, and September 28, 2010, but Mr. Myers did not receive it. On October 29, 2010, the court ordered Mr. Myers to re-file the appendix within thirty (30) days, but Mr. Myers could not comply "due to fee issues regarding a copy from Montgomery County Clerk, and the failure to deliver the appendix by CIF personnel." Dkt. 1, Complaint, pp. 5-6. The appeal was dismissed on December 14, 2010.

On April 9, 2013, CIF counselor Ms. Rice delivered to Mr. Myers the appendix which had been found by Lt. Poer in his drawer in the C housing unit. The appendix was not in an envelope and the first 14 pages were "[torn] off." Dkt. 1, Complaint, p. 6. Lt. Poer had been recently assigned to C housing unit, and was cleaning out drawers in his assigned area. Lt. Poer did not know how the appendix came to be in the drawer because the drawers had been used for multiple purposes in the past two years. Mr. Myers alleges that Chaplain Smith said that the appendix had been in an inner-facility mail envelope addressed to Ms. Kohn, a former C unit counselor at CIF. *Id.* Mr. Myers alleges that the appendix had not been delivered to him in accordance with IDOC policies and procedures.

*2. Analysis*

Any claim for injunctive relief is **dismissed as moot** because Mr. Myers is no longer confined at the CIF.

3

Any claim against individual defendants in their official capacities and the claim against the IDOC are **dismissed** because official capacity claims are, in essence, against the State, and the State (or a state agency) cannot be sued in federal court due to Indiana's Eleventh Amendment immunity. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003); *Billman v. Indiana Dept. of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995).

The complaint does not allege personal participation in the loss of the appendix on the part of any of the defendants. Under these circumstances, superintendents and assistant superintendents are not liable for alleged constitutional wrongdoing on the part of their subordinates. In a section 1983 claim, "individual- capacity claims cannot rest on a *respondeat superior* theory." *Wagoner v. Lemmon,* 778 F.3d 586, 592 (7th Cir. 2015); *Vinson v. Vermillion County, Illinois,* 776 F.3d 924, 928 (7th Cir. 2015) ("there is no *respondeat superior* liability for section 1983 claims").

Any claim asserted against a John Doe or unknown defendant is **dismissed** because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

The Eighth Amendment claim having to do with the loss of the legal appendix is **dismissed for failure to state a claim upon which relief can be granted** because constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's complaint "gains nothing by attracting additional constitutional labels"). "The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process." *Snyder v. Nolen,* 380 F.3d 279, 291 (7th Cir. 2004).

Finally, even if a liable defendant had been named, the First Amendment and Fourteenth Amendment due process claims are legally insufficient for other reasons. First, Mr. Myers alleges that he had other options in that he could have obtained another copy of the appendix from the Montgomery County Court but he did not "due to fee issues." Dkt. 1, Complaint at p. 5. In addition, he alleges that policies were not followed and that he was not given the appendix when it was returned to CIF. An alleged failure to comply with IDOC policies does not support a constitutional claim. "State law violations do not form the basis for imposing § 1983 liability." *J.H. ex rel. Higgin v. Johnson,* 346 F.3d 788, 793 (7th Cir. 2003).

Moreover, Mr. Myers has alleged no intentional interference by any defendant, much less any CIF employee. "[A]n allegation of simple negligence will not support a claim that an official has denied an individual of access to the courts." *Snyder,* 380 F.3d at 291, n. 11; *see also County of Sacramento v. Lewis,* 523 U.S. 833, 849 (1998) ("liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process").[1]

For all of these reasons, all of Mr. Myers' claims relating to a denial of access to the courts are **dismissed for failure to state a claim upon which relief can be granted.**

B. **Laundry Claim**

Mr. Myers' second claim is brought against the IDOC, Pen Laundry Supervisor Russell Hiatt, Grievance Coordinator Mr. Stafford, and Final Reviewing Authority at IDOC L.A. Vanatta. Mr. Myers argues that because he brought both of his claims against defendant Stafford, he should

---

[1] The Court need not go this far, however, a denial of access claim is not viable unless there was a non-frivolous, arguable claim to present in the underlying appeal. *In re Maxy,* 674 F.3d 658, 661 (7th Cir. 2012). It is not apparent that any prejudice arose from the inability to proceed with the appeal based on Mr. Myer's position that his claim against a county sheriff had a five year statute of limitations. Again, the Court's dismissal of the access claims does not have to reach the prejudice component.

be allowed to keep this claim in this action. Accordingly, the Court will not sever the laundry claim and will instead screen it in this action.

Mr. Myers alleges that while he was incarcerated from 2010 through 2014 at CIF, he was required to use the prison inmate laundry service to have his clothes washed. He alleges that although the laundry bags of clothes were subjected to excessive heat, the laundry bags were sometimes ripped or snagged, and the clothes were returned dingy brown and would smell like sweaty gym clothes. He alleges that IDOC policies required that inmates be provided with laundering services to maintain cleanliness, personal hygiene, and sanitation, but the clothing was not being properly cleaned. Mr. Myers alleges that the laundry room supervisor failed to properly supervise the laundry workers, which resulted in the inadequate cleansing. He filed grievances concerning this issue, but he was not satisfied with the responses thereto. He further alleges that correctional officers often overlook the fact that inmates violate rules by washing their laundry by hand using laundry detergent purchased from commissary. He asserts that the failure to properly wash his laundry violated his Eighth Amendment rights.

As noted above, any claim against the IDOC is barred by Indiana's Eleventh Amendment immunity.

The claim against Pen Laundry Supervisor Russell Hiatt is **dismissed for failure to state a claim upon which relief can be granted** to the extent Mr. Myers alleges that he failed to properly supervise the laundry workers. "[Section] 1983 does not allow actions against individuals merely for their supervisory role of others." *Palmer v. Marion County,* 327 F.3d 588, 594 (7th Cir. 2003).

Moreover, any claims against grievance coordinator Stafford or final reviewing authority Vanatta are **dismissed for failure to state a claim upon which relief can be granted** because

neither of those individuals participated in the laundry process at CIF. At best, Mr. Myers' claim against these two defendants would be a Fourteenth Amendment due process claim, however, the Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due-process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). "[A]ny right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id.* (internal quotations omitted). Because an inmate has no expectation of a particular outcome of his grievances, there is no viable claim which can be vindicated against Mr. Stafford and Ms. Vanatta through 42 U.S.C. § 1983.

To the extent Mr. Myers alleges that Mr. Stafford was personally involved in the prison laundry process, unsanitary conditions of confinement rise to the level of a constitutional violation when they deprive a prisoner of the "'minimal civilized measure of life's necessities.'" *Vinning–El v. Long*, 482 F.3d 923, 924 (7th Cir.2007) (*quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Conditions that create "temporary inconveniences and discomforts" or that make "confinement in such quarters unpleasant" are insufficient to state an Eighth Amendment claim. *Adams v. Pate*, 445 F.2d 105, 108, 109 (7th Cir.1971); *see also Martin v. Tyson,* 845 F.2d 1451, 1457 (7th Cir. 1988) (lack of cleaning supplies or infrequent laundry schedule did not violate constitution). Here, the clothes were being washed by the prison and excessive heat was applied to the clothing, which connotes sterilization. In addition, Mr. Myers admits that there were other ways to sometimes wash clothing at CIF. He alleges no harmful effect on his health. Although a smell like "sweaty gym clothes" is not pleasant, Mr. Myers has not alleged facts sufficient to find that he was forced to endure deprivations of the minimal civilized measure of life's necessities with regard to the CIF laundry services. This claim does not rise to the level of an Eighth

Amendment violation and is therefore **dismissed for failure to state a claim upon which relief can be granted**.

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). For the above reasons, the complaint must be dismissed for failure to state a claim upon which relief can be granted.

### III. Further Proceedings

For the reasons discussed above, the complaint is **dismissed for failure to state a claim upon which relief can be granted** pursuant to 28 U.S.C. § 1915A. Mr. Myers shall have **through June 5, 2015,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If the plaintiff fails to show cause or seek leave to amend, the action will be dismissed for the reasons set forth in this Entry.

**IT IS SO ORDERED.**

Date: 5/6/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JASON T. MYERS 154417
PLAINFIELD CORRECTION FACILITY
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168

8