UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON TYE MYERS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 1:15-cv-00471-TWP-MJD |
| ) | |
| INDIANA DEPARTMENT OF CORRECTION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Response to Show Cause Order and Amended Complaint,
Dismissing Action, and Directing Entry of Final Judgment**

The plaintiff has responded to the order to show cause by presenting arguments against each ruling in the Court's screening Entry of May 6, 2015. He has also filed an amended complaint which in all substantive respects is identical to the original complaint with the exception that plaintiff has now attached copies of grievances and responses thereto showing that the prison worked on resolving the laundry complaint. Part VII, Relief section on page 16 of the amended complaint appears to be a typographical error because it repeats the relief sought for the first claim rather than for the second claim. Accordingly, the Court shall treat Part VII relief section as relief sought for the second claim.

Although the plaintiff argues that the denial of access claim should be allowed to proceed, it remains true that he alleges that someone at the Correctional Industrial Facility ("CIF") failed to review, enforce, and comply with CIF procedures which led to the failure to return to him in a timely manner a copy of an appendix from a state court appellate case. Whether this was the result of negligence or gross negligence, these allegations do not support a claim of denial of access to the courts. The plaintiff's claim of denial of access to the courts fails to state a claim upon which relief can be granted because he has not alleged any resulting injury, meaning that "some action

by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim." *In re Maxy,* 674 F.3d 658, 661 (7th Cir. 2012). *See also Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir.2006) ("[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights …."). The plaintiff asserts that he had attempted to appeal the denial of a civil claim in which he sought damages for wrongful incarceration after the claim was dismissed based on a two year statute of limitations. "The holding of *Lewis* [*v. Casey,* 518 U.S. 343 (1996)] that a claim based on deprivation of access to the courts requires proof of concrete injury, combined with the holding of *Heck* [*v. Humphrey*, 512 U.S. 477 (1994)] means that a prisoner in [the plaintiff's] position must have the judgment annulled before damages are available for wrongful imprisonment." *Burd v. Sessler*, 702 F3d 429, 434 (7th Cir. 2012) (internal quotation omitted). An inmate bringing a denial of access claim "cannot demonstrate the requisite injury without demonstrating that there is merit to his claim" which in the plaintiff's case, means not only that he was unlawfully confined but that a five year statute of limitations period applied. *Id.* at 435. Plaintiff has not made that demonstration here, therefore, his denial of access claim was properly dismissed.

      The plaintiff's second claim, is that Russell Hiatt and two grievance officers, Officer Stafford and Officer Vanatta, violated his Eighth Amendment rights by not ensuring that he be provided clean clothing by the prison laundry service. This claim was also properly dismissed. Having clothes returned to him sometimes dirty and smelling of sweat, though unpleasant, is not a deprivation serious enough to support an Eighth Amendment claim. *See, e.g.*, *Moss v. DeTella*, No. 96 C 5398, 1997 WL 24745, at *2 (N.D.Ill. Jan.16, 1997) (holding that lack of clean clothes and bedding for 111 days did "not rise to the level of a constitutional violation"); *Coughlin v. Sheahan*, No. 94 C 2863, 1995 WL 12255, at *3 (N.D.Ill. Jan.12, 1995) (allegation that inmate

was provided only one change of clothing in a three-month period did not support Eighth Amendment claim). Of even greater significance is that 42 U.S.C. § 1997e(e) bars this claim because it provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." No physical injury or commission of a sexual act has been alleged.

For the reasons explained above and in the Entry of May 6, 2015, the plaintiff's amended complaint fails to state a claim upon which relief can be granted and must be dismissed pursuant to 28 U.S.C. § 1915A(b). Judgment consistent with this Entry and with the Entry of May 6, 2015, shall now issue.

**IT IS SO ORDERED.**

Date:  8/11/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JASON T. MYERS   154417
PLAINFIELD CORRECTION FACILITY
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168