**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| JASON TYE MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:15-cv-00471-TWP-MJD |
| | ) | |
| INDIANA DEPARTMENT OF CORRECTION, | ) | |
| DONNA CARNEYGEE, TIM PURCELL, | ) | |
| KATHY GRIFFIN, ROBERT STAFFORD, | ) | |
| UNKNOWN PARTY (MS. WOODS), | ) | |
| UNKNOWN PARTY, RUSSEL HIATT and | ) | |
| L.A. VANATTA | ) | |
| | ) | |
| Defendants. | ) | |

**Entry on Plaintiff's Motion to Alter or Amend Judgment**

This matter is before the Court on Plaintiff Jason T. Myers ("Mr. Myers") Motion to Alter, Amend, or Reverse Judgment. On August 11, 2015, this action was dismissed for failure to state a claim upon which relief can be granted. (Dkt. 19). Mr. Myers has timely filed a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure* on August 28, 2015.

"To prevail on a Rule 59(e) motion, the moving party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.,* 733 F.3d 761, 770 (7th Cir. 2013) (internal quotation omitted). Rule 59(e) provides "extraordinary remedies reserved for the exceptional case." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & NW Ind.,* 786 F.3d 510, 521 (7th Cir. 2015) (internal quotation omitted).

In his motion to alter, Mr. Myers argues that his claim is one of due process rather than denial of his right to access the courts. He contends that his claim is based on the fact that the

Sheriff of Tippecanoe failed to properly bring him before a judicial officer after he was arrested in 2004. What Mr. Myers fails to mention in his motion to alter is that he filed a complaint in 2009 in Tippecanoe County for wrongful incarceration and that case was dismissed based on the statute of limitations. Any claim for due process based on the circumstances that occurred in 2004 fails to state a claim upon which relief can be granted based on *res judicata* and the statute of limitations. Not only has Mr. Myers improperly attempted to change his claim after judgment was issued, but even if he had brought a due process claim in his amended complaint, it would have been dismissed.

The denial of access claim was properly dismissed because Mr. Myers has not shown that there was merit to his Tippecanoe County appeal. *See Burd v. Sessler,* 702 F.3d 429, 434-35 (7th Cir. 2012). Contrary to Mr. Myers's argument, having "settlement value" is not sufficient to show a meritorious claim in the context of stating a claim for denial of access to courts. As noted, Mr. Myers cannot re-litigate in this case his claim for wrongful incarceration. *See also Heck v. Humphrey,* 512 U.S. 477 (1994) (to recover damages for allegedly unconstitutional conviction plaintiff must first show that the conviction has been reversed or invalidated).

Mr. Myers has not shown a manifest error of law or fact, and therefore his motion to alter the dismissal of this action [dkt. 21] is **denied.** The dismissal of this action counts as a "strike" pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

Date:  9/1/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JASON T. MYERS   154417
PLAINFIELD CORRECTION FACILITY
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168