UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON TYE MYERS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 1:15-cv-00471-TWP-MJD |
| ) | |
| INDIANA DEPARTMENT OF CORRECTION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**Entry on Plaintiff's Rule 60 Motion**

This matter is before the Court on Plaintiff, Jason T. Myers, pro se, Motion for Relief from Judgment. (Dkt. 23). Judgment dismissing Mr. Myers action was entered on the docket on August 11, 2015, for failure to state a claim upon which relief can be granted. (Dkt. 19). Mr. Myers timely filed a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure* on August 28, 2015. (Dkt. 21). That motion was denied on September 1, 2015. (Dkt. 22). On September 14, 2015, the plaintiff filed the instant motion under the *Federal Rules of Civil procedure* Rule 60(a) and (d). He argues that the Court's rulings in this case and on his Rule 59 motion amount to a manifest error of law and fact.

Rule 60(a) authorizes a district court to "correct a clerical mistake or a mistake arising from oversight or omission…." *Id.* "[I]f the flaw lies in the translation of the original meaning to the judgment, then Rule 60(a) allows a correction; [but] if the judgment captures the original meaning but is infected by error, then the parties must seek another source of authority to correct the mistake." *Shuffle Tech Intern., LLC v. Wolff Gaming, Inc.,* 757 F.3d 708, 710 (7th Cir. 2014) (internal quotation omitted). Here, there was no error in the translation of the judgment, so the plaintiff's Rule 60(a) motion is **denied.**

Rule 60(d)(3) provides that every district court is entitled to "set aside a judgment for fraud on the court." The plaintiff alleges no fraud on the Court. Rather, he presents the same argument that the Court's decision in this case was manifestly wrong. The Court need not address each of the reasons on which a motion might be granted under Rule 60(b), because the plaintiff does not assert that any of those reasons apply.

The plaintiff's complaint failed to state a claim upon which relief can be granted, and he has not shown a basis for relief from judgment in his Rule 60 motion. Therefore, his Rule 60(a) and (d) motion [dkt. 23] must be **denied.**

The following notice is provided for the plaintiff's information: *if* his Rule 60 motion was filed within 28 days after the judgment was entered in this case, his 30 day time to file a notice of appeal would run from the date this Entry is issued. Based on the filing date only, the Rule 60 motion was *not* filed within 28 days of the judgment. The Court cannot determine whether the plaintiff benefits from the prison "mailbox rule" because he did not state in his motion under penalty of perjury when he placed it in the prison internal mail system and whether he prepaid first-class postage. Otherwise, the plaintiff's 30 day time to file a notice of appeal runs from September 1, 2015, the date his Rule 59 motion was denied. *See* Rule 4 of the *Federal Rules of Appellate Procedure.*

**IT IS SO ORDERED.**

Date:  10/1/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JASON T. MYERS   154417
PLAINFIELD CORRECTION FACILITY
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168